# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OPTINVEST, LTD., a Bahamian corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>MAGNA ELECTRONICS, INC., a Delaware corporation,<br><br>        Defendant. | Civil Action No. 1:22-cv-01327-JLH<br><br>**DEMAND FOR JURY TRIAL** |

**OPTINVEST, LTD.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO PRECLUDE OPINIONS OF DEFENDANT MAGNA ELECTRONICS, INC.'S EXPERT <u>KENNETH B. MATHIEU, CPA/CFF, ABV, MBA</u>**

Dated:  November 17, 2025

*Of Counsel:*

Gregory M. Garno
Thaddeus R. Kleckley
**VENABLE LLP**
801 Brickell Avenue, Suite 1500
Miami, FL 33131
(305) 349-2300
gmgarno@venable.com
trkleckley@venable.com

**CHIPMAN BROWN CICERO & COLE, LLP**
Joseph B. Cicero (#4388)
Gregory E. Stuhlman (#4765)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191
cicero@chipmanbrown.com
stuhlman@chipmanbrown.com

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................................... ii

INTRODUCTION ......................................................................................................................1

NATURE AND STAGE OF THE PROCEEDINGS ....................................................................1

SUMMARY OF ARGUMENT ...................................................................................................1

STATEMENT OF FACTS ..........................................................................................................2

LEGAL STANDARD..................................................................................................................2

ARGUMENT...............................................................................................................................3

    I.      MATHIEU'S OPINION REGARDING WHETHER PAYMENT CONSTITUTES REASONABLY EQUIVALENT VALUE SHOULD BE PRECLUDED AS IMPROPER LEGAL OPINION ...............................................3

    II.     MATTHIEU'S OPINION REGARDING INDUSTRY STANDARDS FOR INVESTMENT BANKERS SHOULD BE PRECLUDED AS OUTSIDE HIS FIELD OF EXPERTISE .................................................................5

    III.    MATHIEU SHOULD BE PRECLUDED FROM PRESENTING EVIDENCE BASED ON A LIQUIDATION ANALYSIS....................................7

CONCLUSION...........................................................................................................................10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allscripts Healthcare, LLC v. Andor Health, LLC,*
 2022 WL 3021560 (D. Del. July 29, 2022) ................................................................................ 8

*Berckeley Inv. Grp., Ltd. v. Colkitt,*
 455 F.3d 195 (3d Cir. 2006) ..................................................................................................... 3, 4

*Calhoun v. Yamaha Motor Corp., U.S.A.,*
 350 F.3d 316 (3d Cir. 2003) ....................................................................................................... 8

*Cantor v. Perelman,*
 2006 WL 3462596 (D. Del. Nov. 30, 2006) ............................................................................... 3

*Chemipal Ltd. v. Slim-Fast Nutritional Foods Int'l, Inc.,*
 350 F. Supp. 2d 582 (D. Del. 2004) ........................................................................................... 5

*Cohen v. Cohen,*
 125 F.4th 454 (3d Cir. 2025) ...................................................................................................... 6

*Daubert v. Merrell Dow Pharm., Inc.,*
 509 U.S. (1993) ....................................................................................................................... 2, 6

*EMC Corp. v. Pure Storage, Inc.,*
 154 F. Supp. 3d 81 (D. Del. 2016) ............................................................................................. 5

*Forest Laboratories, Inc. v. Ivax Pharmaceuticals, Inc.,*
 237 F.R.D. 106 (D. Del. 2006) ................................................................................................... 9

*In re Hechinger Investment Company of Delaware,*
 274 B.R. 71 (D. Del. 2002) ......................................................................................................... 4

*In re Intel Corp. Microprocessor Antitrust Litig.,*
 526 F. Supp. 2d 461 (D. Del. 2007) ........................................................................................... 3

*Inline Connection Corp. v. AOL Time Warner Inc.,*
 472 F. Supp. 2d 604 (D. Del. 2007) ........................................................................................... 7

*Integra Lifesciences Corp. v. HyperBranch Med. Tech., Inc.,*
 2018 WL 1785033 (D. Del. Apr. 4, 2018) ................................................................................. 8

*Intellectual Ventures I LLC v. Xilinx,*
 2014 WL 1814384 (D. Del. Apr. 14, 2014) ............................................................................... 2

**Page(s)**

*Karlo v. Pittsburgh Glass Works, LLC*,
  849 F.3d 61 (3d Cir. 2017) .................................................................................. 6

*Langbord v. U.S. Dep't of Treasury*,
  2009 WL 1312576 (E.D. Pa. May 7, 2009) .......................................................... 4

*Litig. Tr. of MDIP Inc. v. De La Rue Cash Sys. (In re MDIP Inc.)*,
  332 B.R. 129 (Bankr. D. Del. 2005) ................................................................. 5, 8

*Meadows v. Anchor Longwall & Rebuild, Inc.*,
  306 Fed.Appx. 781 (3d Cir. 2009) ....................................................................... 6

*Oxford Gene Tech. Ltd. v. Mergen Ltd.*,
  345 F. Supp. 2d 431 (D. Del. 2004) .................................................................. 5, 6

*Pell v. E.I. DuPont De Nemours & Co., Inc.*,
  231 F.R.D. 186 (D. Del. 2005) ............................................................................ 6

*Puma Biotechnology, Inc. v. AstraZeneca Pharm. LP*,
  723 F. Supp. 3d 327 (D. Del. 2024) ..................................................................... 6

*QVC, Inc. v. MJC Am., Ltd.*,
  2012 WL 13565 (E.D. Pa. Jan. 4, 2012) .............................................................. 3

*Robocast, Inc. v. Apple, Inc.*,
  2013 WL 12155813 (D. Del. Sept. 18, 2013) ....................................................... 8

*Schneider ex rel. Estate of Schneider v. Fried*,
  320 F.3d 396 (3d Cir. 2003) ................................................................................ 5

*Synthes Spine Co. v. Walden*,
  232 F.R.D. 460 (E.D. Pa. 2005) .......................................................................... 8

*Thomson Reuters Enter. Ctr. Gmbh v. Ross Intel. Inc.*,
  2024 WL 3639193 (D. Del. Aug. 2, 2024) ........................................................... 2

*Tracinda Corp. v. DaimlerChrysler AG*,
  362 F. Supp. 2d 487 (D. Del. 2005) ..................................................................... 9

*Transportes Aereos Pegaso, S.A. de C.V. v. Bell Helicopter Textron, Inc.*,
  623 F. Supp. 2d 518 (D. Del. 2009) ..................................................................... 4

*Withrow v. Spears*,
  967 F. Supp. 2d 982 (D. Del. 2013) ..................................................................... 6

iii

**Page(s)**

**Rules**

Federal Rule of Evidence 702 ............................................................................................... 2, 5, 8

Fed. R. Civ. P. 26 ................................................................................................................ 7

## INTRODUCTION

Plaintiff Optinvest, Ltd. ("Optinvest") respectfully submits this brief in support of its motion to preclude opinions of Defendant Magna Electronic, Inc.'s ("Magna") expert Kenneth B. Mathieu, CPA/CFF, ABV, MBA.

## NATURE AND STAGE OF THE PROCEEDINGS

Optinvest filed this action against Magna, asserting that Magna's purchase of the assets of Optimus Ride, Inc. ("Optimus Ride") was a fraudulent transfer under Delaware state law. D.I. 1. Discovery is complete and trial is scheduled for June 15, 2026. D.I. 62.

## SUMMARY OF ARGUMENT

Mathieu attempts to invade the jury's purview by improperly providing testimony regarding whether a transaction's price reflects Reasonably Equivalent Value ("REV"). This is a determination for the jury and is therefore, not proper expert testimony. As such, Mathieu's testimony regarding REV should be excluded for the reasons detailed below.

Mathieu provides an opinion of the reasonableness of investment banking work performed by Credit Suisse and Nomura during their respective capital-raising efforts for Optimus Ride. Mathieu is not an investment banker and has never performed capital-raising initiatives. Any opinions from Mathieu regarding Credit Suisse or Nomura's efforts to raise capital for Optimus Ride are outside of Mathieu's field of expertise and should be excluded as such.

At deposition, Mathieu indicated for the first time that he had performed a liquidation analysis as part of his review. This is not indicated anywhere in Mathieu's report. Optinvest would be severely prejudiced were Magna permitted to have Mathieu testify about a valuation at trial when it gave Optinvest no opportunity to test the opinion.

## STATEMENT OF FACTS

Mr. Mathieu submitted a responsive expert report on September 17, 2025. (Ex. A). His deposition transcript is also attached. (Ex. B). Additional context and facts are provided below.

## LEGAL STANDARD

"Not all expert testimony is admissible at trial." *Thomson Reuters Enter. Ctr. Gmbh v. Ross Intel. Inc.*, 2024 WL 3639193, at *1 (D. Del. Aug. 2, 2024). Federal Rule of Evidence 702, which was recently amended in December 2023, codifies the *Daubert* standard: "A witness who is qualified as an expert ... may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's ... knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. at 597 (1993) (the trial court has the "task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant."). The Advisory Committee explained that the amendment was necessary in part because "many courts have held that the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility," which is an "incorrect application" of the Rule. Fed. R. Evid. 702 (Advisory Committee's Notes). Still, the Committee clarified "[n]othing in the amendment imposes any new, specific procedures." *Id*. The burden is on the party offering an expert to demonstrate that the expert's proposed testimony meets the *Daubert* criteria. *Intellectual Ventures I LLC v. Xilinx*, 2014 WL 1814384, at *2 (D. Del. Apr. 14, 2014).

2

## **ARGUMENT**

**I.**    **MATHIEU'S OPINION REGARDING WHETHER PAYMENT CONSTITUTES REASONABLY EQUIVALENT VALUE SHOULD BE PRECLUDED AS IMPROPER LEGAL OPINION**

Experts are not permitted to render opinions or conclusions as to the governing law of the case.  *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006); *see also In re Intel Corp. Microprocessor Antitrust Litig.*, 526 F. Supp. 2d 461, 466 (D. Del. 2007) ("Expert witnesses are not permitted to render opinions or conclusions on issues of law."); *Cantor v. Perelman*, 2006 WL 3462596, at \*3-4 (D. Del. Nov. 30, 2006) (applying the "general rule prohibiting experts from offering legal opinions" against Defendant's expert); *QVC, Inc. v. MJC Am., Ltd.*, 2012 WL 13565, at \*2 (E.D. Pa. Jan. 4, 2012) (noting that experts may not apply the resulting law to the facts of a case to draw a legal conclusion).  "Such testimony is prohibited because it would usurp the District Court's pivotal role in explaining the law to the jury." *Berckeley Inv. Grp.*, 455 F.3d at 217.

Mr. Mathieu's report improperly opines on legal issues, particularly on the ultimate issue in this case of whether "the consideration paid under the Asset Purchase Agreement constitute[d] Reasonably Equivalent Value." Ex. A. at § 5.3.  Mr. Mathieu acknowledged that Optinvest asserts a fraudulent transfer occurred when Magna purchased Optimus Ride.  *Id*., ¶12.  At trial, Optinvest will provide evidence to prove its claims to the jury.  Mr. Mathieu, after reviewing the record, usurped the role of the jury and denied that any fraudulent transfer occurred.  *Id*., ¶¶12, 111, 128.  Indeed, in his proffered report and testimony, Mr. Mathieu improperly strays into the province of providing impermissible legal opinion when he argues that the facts prove Magna's purchase price "reflects" REV.  *Id*., ¶128.  Under black letter law, paragraph 12 along with the entirety of Section 5.3 of Mr. Mathieu's report (paragraphs 111 through 128) must be struck.

Mr. Mathieu characterizes the legal term-of-art "Reasonably Equivalent Value" in his report as an "economic concept in bankruptcy and fraudulent transfer litigation, particularly under

3

the Bankruptcy Code and the Uniform Fraudulent Transfer Act." *Id.*, ¶112. Mr. Mathieu goes on to explain that "REV refers to the fairness of the value exchanged in a transaction, and courts typically do not require exact equality in value but instead assess whether the exchange was fair and adequate under the circumstances" before citing in a footnote to the case of *In re Hechinger Investment Company of Delaware*, 274 B.R. 71 (D. Del. 2002). *Id.*

Next, in Paragraph 113, Mr. Mathieu states his own understanding of Delaware law before attempting to shield his improper opinions regarding the law through claiming that he understand[s] that Delaware Law does not define REV" and "REV is interpreted through a fact-specific inquiry." Ex. A, ¶113. Mr. Mathieu confirmed at deposition that his understandings within this section came from Defendant's counsel and not from his personal knowledge. Ex. B. 152:14-16 ("Q: When you're referencing counsel, you're referencing the Sidley Austin firm? A: Yes."). It is improper for Mr. Mathieu to act as a conduit for Defendant's counsel to explain Magna's view of the law to the jury through his expert report.

Mr. Mathieu then leverages his understanding from counsel and his own interpretation of Delaware law to opine specifically on how, in his interpretation, the jury should read the facts of this case and apply the law as explained to him by Magna's counsel. Ex. A, ¶¶115-28. This is an improper legal opinion that usurps the finder of facts' role. *See Berckeley Inv. Grp.*, 455 F.3d at 217. The determination of whether the transaction here constituted REV is a question of fact which is a matter for the trier of fact—here, a jury—to decide, not the expert. *Id.*; *see also Transportes Aereos Pegaso, S.A. de C.V. v. Bell Helicopter Textron, Inc.*, 623 F. Supp. 2d 518, 533 (D. Del. 2009) ("[A]n expert may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts."); *Langbord v. U.S. Dep't of Treasury*, 2009 WL 1312576, at *3 (E.D. Pa. May 7, 2009) (inappropriate for expert to "apply the resulting

4

law to the facts of [a] case to draw a legal conclusion"); *Litig. Tr. of MDIP Inc. v. De La Rue Cash Sys. (In re MDIP Inc.)*, 332 B.R. 129, 133 (Bankr. D. Del. 2005) ("Whether the transfer is for [REV] in every case is largely a question of fact, as to which considerable latitude must be allowed to the trier of the fact.").

Indeed, at his deposition, Mr. Mathieu confirmed the jury will need to decide whether or not the transaction was for REV.  Ex. B. 67:8-12 (Q: "In this case, isn't it true that the jury will need to decide if Magna's payment to Optimus Ride were or were not reasonably equivalent value? THE WITNESS:  From a legal perspective.").  It is not the role of Mr. Mathieu to advocate for Magna's legal positions, and Mr. Mathieu should not be permitted to testify to a jury as to his application of the facts to the law.  Any other conclusion would invade the providence of the jury.

## II.   MATTHIEU'S OPINION REGARDING INDUSTRY STANDARDS FOR INVESTMENT BANKERS SHOULD BE PRECLUDED AS OUTSIDE HIS FIELD OF EXPERTISE

Federal Rule of Evidence 702 and the *Daubert* standard apply to expert testimony, establishing three main restrictions: qualification, reliability, and fit.  *EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 91 (D. Del. 2016).  It is well-established that expert testimony must be confined to the expert's field of expertise.  *Chemipal Ltd. v. Slim-Fast Nutritional Foods Int'l, Inc.*, 350 F. Supp. 2d 582, 588 (D. Del. 2004); *Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431, 435 (D. Del. 2004).  In *EMC Corp. v. Pure Storage, Inc.,* this Court reinforced these standards, explaining that Rule 702 embodies qualification requirements where "the witness possess specialized expertise," reliability requirements where testimony "must be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation[,]'" and fit requirements where "the expert's testimony must be relevant for the purposes of the case and must assist the trier of fact."  154 F. Supp. 3d at 91-92 (quoting *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404-05 (3d Cir. 2003)).

The fit requirement "goes primarily to relevance" and ensures that testimony helps "the trier of fact to understand the evidence or to determine a fact in issue." *Puma Biotechnology, Inc. v. AstraZeneca Pharm. LP*, 723 F. Supp. 3d 327, 357 (D. Del. 2024) (quoting *Karlo v. Pittsburgh Glass Works, LLC*, 849 F.3d 61, 81 (3d Cir. 2017)). The standard for fit "is not a high one; it is met when there is a clear 'fit' connecting the issue in the case with the expert's opinion that will aid the jury in determining an issue in the case." *Withrow v. Spears*, 967 F. Supp. 2d 982, 992 (D. Del. 2013) (quoting *Meadows v. Anchor Longwall & Rebuild, Inc.,* 306 Fed.Appx. 781, 790 (3d Cir. 2009)). The fit requirement serves as an additional safeguard against expert testimony that falls outside the expert's field of expertise. In *Cohen v. Cohen*, the Third Circuit emphasized that expert testimony "fits the proceedings" if it will help the trier of fact understand evidence or determine facts in issue, but "fit is not always obvious, and scientific validity for one purpose is not necessarily scientific validity for other, unrelated purposes." *Cohen v. Cohen*, 125 F.4th 454, 464 (3d Cir. 2025) (quoting *Daubert*, 509 U.S. 579, 591)). This requirement ensures that even qualified experts cannot offer opinions on matters unrelated to their specialized knowledge. Likewise, the Court must also consider whether the expert has adequate foundation for their opinions within their claimed field of expertise, examining the expert's qualifications and knowledge relating to the technical issues presented in the case. *Oxford Gene*, 345 F. Supp. 2d at 435 (D. Del. 2004); *Pell v. E.I. DuPont De Nemours & Co., Inc.*, 231 F.R.D. 186, 192 (D. Del. 2005).

Here, Matthieu attempts to offer an opinion as to the industry standards relevant to investment bankers, stating that the capital-raising efforts of two investment bankers, Credit Suisse and Nomura, were reasonable. *See* Ex. A, ¶118. He comments further that Credit Suisse's process was "[c]onsistent with its typical process to market a company to SPAC suitors…." *Id.*, ¶119.

Mathieu provides similar opinions on Nomura, stating Nomura's efforts toward a Series C private placement for Optimus Ride was "[c]onsistent with its standard process for a capital raise engagement...." *Id.*, ¶120.  Mathieu provides further opinions as to the reasonableness of Credit Suisse and Nomura's investment banking efforts in the following paragraphs.  Ex. A, ¶¶123-24.

Mathieu is an accountant.  He holds no investment banking licenses and his employment history lies in accounting firms.  While he may have experience as a consultant in the purchases and sales of businesses, he has never worked in any investment banking or capital-raising capacity, such as the services provided to Optimus Ride by Credit Suisse and Nomura.  Ex. B. 22:4-20; 97:12-103:5; 162:3-164:5.  While Mathieu has been in the vicinity of investment bankers and has reviewed various documents provided by investment bankers, he does not have the experience or qualifications to speak to the reasonableness of the process undertaken by Credit Suisse and Nomura in attempting to fundraise for Optimus Ride, having never undertaken that process, himself.  Without such knowledge and experience, Mathieu's testimony regarding the reasonableness of the process undertaken by Credit Suisse and Nomura should be precluded, as outside of Mathieu's particular area of expertise.

## III.  MATHIEU SHOULD BE PRECLUDED FROM PRESENTING EVIDENCE BASED ON A LIQUIDATION ANALYSIS

The District of Delaware strictly enforces Rule 26(a)(2)(B), which mandates that expert reports contain comprehensive disclosures.  In *Inline Connection Corp. v. AOL Time Warner Inc.*, this Court held that "pursuant to FRCP 26(a)(2)(B), an expert report shall contain a complete statement of all opinions to be expressed" and emphasized that "Rules 26(a)(2)(B) and 26(e)(1) require disclosures in advance of trial of the bases and reasons for an expert's opinions."  472 F. Supp. 2d 604, 615 (D. Del. 2007) (quoting Fed. R. Civ. P. 26(a)(2)(B)).  This requirement leaves no room for reliance on undisclosed analysis.  *Id.*

The District of Delaware has adopted a bright line rule for expert disclosure requirements. In *Robocast, Inc. v. Apple, Inc.*, the Court explained that this rule "requires disclosure by a testifying expert of all information, whether privileged or not, that the expert 'generates, reviews, reflects upon, reads and/or uses in connection with the formulation of his opinions, even if the testifying expert ultimately rejects the information.'" 2013 WL 12155813, at *3 (D. Del. Sept. 18, 2013), report and recommendation adopted, 2013 WL 12156411 (D. Del. Oct. 17, 2013) (quoting *Synthes Spine Co. v. Walden*, 232 F.R.D. 460, 464 (E.D. Pa. 2005)). This comprehensive disclosure requirement extends beyond just the final analysis that supports an expert's conclusions to encompass all materials and analyses that informed the expert's thinking process. While "generalized qualifications are sufficient" for expert testimony, "more specific knowledge is required to support more specific opinions." *Allscripts Healthcare, LLC v. Andor Health, LLC*, 2022 WL 3021560, at *23 (D. Del. July 29, 2022) (quoting *Calhoun v. Yamaha Motor Corp., U.S.A.*, 350 F.3d 316, 322 (3d Cir. 2003)). The Court in *Allscripts* explained that experts may rely on their general background, education, and training to testify about general matters, but they need more specific disclosure when offering specific opinions based on particular analyses or data. *Id.* at *23-25. Additionally, while an expert may offer opinions based on personal experience, the expert "must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." *Integra Lifesciences Corp. v. HyperBranch Med. Tech., Inc.*, 2018 WL 1785033, at *6 (D. Del. Apr. 4, 2018) (quoting Fed. R. Evid. 702 advisory committee's note to 2000 amendments). Additionally, this exception does not eliminate the disclosure requirement; experts must still identify in their reports how their experience forms the basis for their specific opinions. *Id.*

The District of Delaware has recognized limited circumstances where minor deviations from expert reports may be permissible. In *Forest Laboratories, Inc. v. Ivax Pharmaceuticals, Inc.*, the District of Delaware allowed expert testimony despite some deviations from the disclosed report, finding that exclusion of portion of testimony of defendants' expert witness was not warranted where the Court was not persuaded that any deviations in the expert's testimony from the expert's report were such as to unduly prejudice Plaintiffs. 237 F.R.D. 106, 110-11 (D. Del. 2006). However, such exceptions are narrow and fact-specific. In *Tracinda Corp. v. DaimlerChrysler AG*, the Court permitted expert testimony on previously undisclosed tests where the data underlying the testimony was either produced before trial or was included in the defendant's own report, thereby preventing unfair surprise. 362 F. Supp. 2d 487, 509 (D. Del. 2005). These cases suggest that the Court may exercise discretion to admit expert testimony based on undisclosed analysis only when the opposing party had adequate notice of the underlying data and was not prejudiced by the lack of formal disclosure.

At deposition, for the first time, Mathieu testified that he calculated a liquidation value of Optimus Ride. Ex. B, 52:3-53:4; 54:4-56:13; 131:1-24. Liquidation analysis is not mentioned once in his report. While Mathieu attempted to tie the analysis to his report, his report offered no indication that he performed a liquidation analysis to value Optimus Ride. *Compare* Ex. B, 53:19-56:13 with Ex. A, ¶¶114-129. Optinvest has not been provided with the calculation or the methodology, including assumptions, on which Mathieu relied to perform said calculation.[1] Due to Magna's failure to provide an understanding of what specifically Mathieu valued and how he

---

[1] In the AICPA literature, there are two different types of liquidation analysis—orderly liquidation and forced liquidation. Mathieu's report does not even identify which of the two analysis he utilized to underpin his report.

9

performed such valuation, Optinvest is prejudiced.  As such, any testimony from Mathieu regarding a liquidation analysis should be precluded.

## CONCLUSION

For all of the reasons above, Plaintiff Optinvest respectfully requests that this Court preclude Mathieu from presenting expert testimony on what constitutes Reasonably Equivalent Value, the industry standard for investment bankers with regard to capital raising, and any liquidation valuation.

Dated:  November 17, 2025

**CHIPMAN BROWN CICERO & COLE, LLP**

*Of Counsel:*

Gregory M. Garno
Thaddeus R. Kleckley
**VENABLE LLP**
801 Brickell Avenue, Suite 1500
Miami, FL 33131
(305) 349-2300
gmgarno@venable.com
trkleckley@venable.com

 */s/ Gregory E. Stuhlman*
Joseph B. Cicero (#4388)
Gregory E. Stuhlman (#4765)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
(302) 295-0191
cicero@chipmanbrown.com
stuhlman@chipmanbrown.com

*Attorneys for Plaintiff*

4929-2534-1050, v. 2

10